**FILED**

**MAR 11 2008**
MAR 11 2008
JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 07 CR 862 |
| | ) | |
| v. | ) | Acting Chief Judge |
| | ) | Rebecca R. Pallmeyer |
| GABRIEL TOADER | ) | |

### UNDER SEAL

### GOVERNMENT'S EX PARTE MOTION FOR A 26-DAY EXTENSION OF TIME TO SEEK THE RETURN OF AN INDICTMENT OR TO FILE AN INFORMATION

The UNITED STATES OF AMERICA, by its attorney, PATRICK FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court under 18 U.S.C. § 3161(h)(8)(A) & (B) for an extension of time in which to return an indictment or file an information in this case from March 22, 2007, until and including April 17, 2008. In support of this motion, the government states as follows:

1. This is a grand jury investigation of an organized scheme to defraud users of eBay and other internet-related sales forums. The investigation began in approximately July 2004 after law enforcement received numerous complaints from individuals who had been defrauded over the internet indicating that they had been directed to wire transfer funds via Western Union to people in the Chicago area for goods that were never delivered. The government's investigation showed that although the victims were instructed to transfer funds to individuals in Chicago, the fraudulent internet advertisements originated from Romania. As part of the scheme, several individuals wire transferred funds derived from the fraud scheme to Foreign Co-

schemers in Romania. Over approximately the three and one-half years, law enforcement developed evidence that more than 2,000 victims had been defrauded of funds totaling in excess of $6,000,000.

2. On December 11, 2006, twenty-one defendants were charged in a Federal criminal complaint (06 CR 923) with devising and participating in a wire fraud scheme between approximately November 2003 and August 2006. The case against these same twenty-one defendants was indicted on March 8, 2007. All of the non-fugitive defendants save one have either pled guilty or were found guilty at trial.

3. On December 21, 2007, in part as a result of substantial assistance received by the government from cooperating defendants in case no. 06 CR 923, the government obtained a criminal complaint in the Northern District of Illinois charging GABRIEL TOADER with participating in eBay fraud scheme. The complaint alleges that TOADER participated by managing a crew of individuals who received fraud proceeds in alias names in the Chicago vicinity, and that he wire transferred funds derived from the scheme to Romania. This complaint was obtained by the government shortly learning that TOADER was in the custody of the Department of Homeland Security. More specifically, the government learned on or about December 18, 2007, that defendant was being detained on immigration charges after he was apprehended in Arizona near the Mexican border.

4. On December 27, 2007, defendant TOADER had an initial appearance in Rule 5(c)(3) proceedings in the District of Arizona. On January 2, 2008, defendant TOADER waived his right to a removal hearing and agreed to be transferred to the

Northern District of Illinois.

5. Defendant TOADER arrived in the Northern District of Illinois on or about February 23, 2008, and had an initial appearance before Magistrate Judge Cole on February 27, 2008, at which time defendant requested that the detention hearing and preliminary examination be continued to March 5, 2008. Defendant TOADER appeared in court again on March 5, 2008, and waived his right to a detention hearing and preliminary examination.

6. The Speedy Trial Act mandates that an indictment or information must be filed within 30 days of the date of the defendant's arrest. 18 U.S.C. § 3161(b). Periods of delay resulting from any proceeding related to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure are excluded in computing the time within which an information or indictment must be filed.

7. Defendant TOADER had his initial appearance in this criminal case on December 27, 2007, in the District of Arizona during a Fed.R.Cr.P. Rule 5(c) proceeding. After waiving his right to a removal hearing, defendant was transferred to the Northern District of Illinois, arriving on or about February 23, 2008. Thus, excluding the time period associated with his removal from the District of Arizona and transfer to the Norther District of Illinois, it appears that an indictment or information must be filed on or before March 22, 2008.

8. The Speedy Trial Act permits the extension of time to return an indictment "upon the request of the attorney for the government if the Court finds that

the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the non-exclusive factors a court may consider are:

 a. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i);

 b. Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex. 18 U.S.C. § 3161 (h)(8)(B)(iii); and

 c. Whether the failure to grant such a continuance in a case, which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(8)(B)(iv).

 6. The United States respectfully seeks an extension of time in which to seek the return of an indictment or to file an information in this case for the following reasons:

During the course of the investigation, law enforcement has obtained information from Western Union, from currency exchanges in the Chicago area, and from various witnesses, that enabled law enforcement to identify dozens of suspected


aliases of the 21 named defendants, as well as those of other individuals not yet charged. Premised, in part, upon the identification of the aliases, law enforcement has obtained data and thousands of pages of records from Western Union, from currency exchanges, and from victims pertaining to more than 2,000 transactions believed to be part of the scheme to defraud.

Certain aspects of the investigation as to defendant TOADER previously were not pursued aggressively so that the government could focus its investigative efforts on other defendants already charged and in custody in case no. 06 CR 923. Once the government learned that defendant TOADER had been apprehended by the DHS, it quickly intensified its efforts to secure evidence relating to his involvement in the scheme. The government is still receiving responses from Western Union on several outstanding subpoenas, is quickly attempting to gather additional information from victims of the scheme relevant to TOADER's involvement, and has issued additional subpoenas on the basis of new information received upon the arrest of defendant. In addition, the government is still awaiting the return of banking records sought through the issuance of Grand Jury subpoenas which the government has reason to believe will contain significant additional information relating to wire transfers of funds connected to the fraud scheme to Romania.

Thus, although the government's investigation has progressed rapidly since learning that TOADER was in immigration custody, the investigation is still ongoing. Counsel for both TOADER has advised the government that he does not object to a 30-day extension to return an indictment or file an information.

7. Given the above-mentioned circumstances, the government submits that it is unreasonable (within the meaning of the statute) to expect the return and filing of an indictment or information by March 22, 2008. Moreover, the failure to grant a continuance could result in a miscarriage of justice and would deny the attorneys for the government reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. This is the government's first request for an extension of time in which to seek the return of an indictment or to file an information, and as indicated above, counsel for defendant TOADER has indicated that he does not object to the extension.

9. WHEREFORE, the government requests this Court to exclude time for a period of 26 days from the period prescribed in 18 U.S.C. § 3161, for the return of the indictment, up to and including April 17, 2008.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: /s/ Brian Hayes
Brian Hayes
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, IL 60604
(312) 353-4307

Date: March 11, 2008