IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: TAX DISCLOSURE OF | ) | No. 07 CR 862 |
| | ) | |
| | ) | |
| GABRIEL DRAGOS TOADER, | ) | Judge Matthew F. Kennelly |
| TDG CONSULTING LLC, and | ) | |
| GC's INTERIOR DESIGN LLC | ) | |

APPLICATION FOR ORDER TO DISCLOSE TAX
RETURNS AND RETURN INFORMATION

The United States of America, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, pursuant to 26 U.S.C. 6103(i)(1), makes application to the Court for an order *ex parte*, directing the Internal Revenue Service to disclose to applicant:

(1) tax returns and return information of:

    (a) Gabriel Dragos Toader
        [home address redacted]
        Chicago, IL 60659
        SSA#: XXX-XX-XXXX

    (b) TDG Consulting LLC
        Tax Payer ID Number: XX-XXXXXXX
        3201 W. Devon Avenue, Unit 5
        Chicago, IL 60659

    (c) GC's Interior Design LLC
        Tax Payer ID Number: XX-XXXXXXX
        4011 W. Fullerton Avenue, Unit 3E
        Chicago, IL 60639

which tax returns and return information are described as certified copies of all individual and joint income tax returns (Forms 1040); Forms 1120 or 1120-S; all

schedules attached thereto; transcripts of all return information, including IMFOLTs; for tax years 2005 through 2007; and

(2) for the tax years 2005 through 2007, copies of any audits, work papers, revenue agents' transmittal reports, special agents' reports, witness affidavits, statements, memoranda of interviews, etc., currently held by IRS and any related material which may be developed subsequent to this request, involving the above-named taxpayers.

In support of his application, applicant avers the following:

(1) There is reasonable cause to believe, based upon information believed to be reliable, that violations of 18 U.S.C. § 1343 and § 1956(h) have been committed. In summary, Gabriel Dragos Toader has been indicted as a knowing participant in a wire fraud scheme and money laundering conspiracy. Victims of the scheme were instructed to send funds via Western Union (generally to Chicago) for items that the purported "sellers" did not possess or intend to deliver. The fraudulent internet solicitations were created by individuals in Romania (the "Foreign Co-schemers") who developed a network of individuals in the United States who would receive the victims' funds from Western Union agents in exchange for a portion of the fraud proceeds, and cause the remainder to be transmitted outside of the United States to the Foreign Co-schemers. According to the indictment, Toader received information from the Foreign Co-schemers relating to wire transfers of funds by victims of the scheme. Toader, in turn, dispatched that information to individuals, such as the cooperating defendants and others, who presented themselves to Western Union agents in alias names to

receive the victims' funds at the behest of Toader. Then, after paying a portion of the funds to the individuals who picked up the money from Western Union agents and retaining a portion of the funds for himself, Toader caused the balance to be transmitted outside of the United States to the Foreign Co-schemers. Review of telephone records show that Toader had been in frequent contact at relevant times with co-defendants who have been identified using alias identification documents to receive wire transfers sent by victims of the fraud scheme.

Review of bank records linked to Toader from time periods during which the scheme was ongoing also corroborate the statements of the cooperating witnesses. For example, the initial review of bank records obtained from J.P. Morgan Chase and Bank of America indicate that Toader has maintained accounts in his own name and in the name of a business called TDG Consulting LLC that have been used to wire transfer large sums of money to Romania and Cyprus. Initial review of the account statements indicates that funds have been transferred from these accounts to banks and individuals in Romania and Cyprus in the approximate amounts described below:

| Account | Account no. | Date range | |
|---|---|---|---|
| TDG Consulting LLC (Bank of America) | xxxxxx1614 | Oct. 2006 - Nov. 2006 | $ 79,000 |
| Gabriel Toader (Bank of America) | xxxxxx3593 | Aug. 2006 - Sept. 2006 | $ 25,000 |
| Toader/Apetrachiae (Bank of America) | xxxxxx3457 | Oct. 2006 - Nov. 2006 | $ 41,000 |
| Gabriel Toader (J.P. Morgan Chase) | xxxxx3744 | Oct. 2005 - May 2006 | $ 180,000 |
| TDG Consulting LLC (J.P. Morgan Chase) | xxxxx8221 | Nov. 2005 - May 2006 | $ 230,000 |

In addition, review of records received from Washington Mutual Bank demonstrate that Toader was also a signatory on an account in the name of GC's Interior Design.

(2) There is reasonable cause to believe that the above-described tax returns and return information are or may be relevant to a matter related to the commission of the above-mentioned violations of 18 U.S.C. § 1343 and § 1956(h) in that the tax returns and related documents will (a) disclose the amount and sources of income reported by Toader, TDG Consulting LLC, and GC's Interior Design LLC during the periods leading up to and including the time at which Toader is alleged to have engaged in the scheme to defraud.  These records may corroborate the scheme or show Toader's motivation to engage in such a scheme, and may reveal the existence of income producing assets bought with the proceeds of the alleged fraud.  In addition, proof of non-filing of tax returns by TDG Consulting LLC and GC's Interior Design LLC would be relevant to proving that the entities did not exist, except as a name on bank accounts used to launder fraud proceeds.

(3) The information sought to be disclosed cannot reasonably be obtained, under the circumstances, from any other source, and is sought exclusively for use in the federal criminal investigation and trial of the above-mentioned violations of 18 U.S.C. § 1343 and § 1956(h).

Applicant further states that, in addition to himself,

Michael Blessing, Special Agent, F.B.I.,
Gary Turlington, Special Agent, F.B.I.,
Therese Y. Roberson, Supervisory Special Agent, F.B.I.,
Kenneth Popovits, Special Agent, Immigration & Customs Enforcement

are personally and directly engaged in investigating the above-mentioned violations of 18 U.S.C. § 1343 and § 1956(h) and in preparing the matter for trial. The information sought herein is solely for our use for that purpose. No disclosure will be made to any other person except in accordance with the provisions of 26 U.S.C. 6103 and 26 C.F.R. 301.6103 (i)-1.

WHEREFORE, applicant prays that the Court enter an order on this application directing disclosure by the Internal Revenue Service of the tax returns and return information specified herein.

                                              Respectfully submitted,

                                              **PATRICK J. FITZGERALD**
                                              United States Attorney

                                              s/Brian Hayes
                                 By:  **BRIAN HAYES**
                                              Assistant U.S. Attorney
                                              219 S. Dearborn St., 5th Fl.
                                              Chicago, IL 60604
                                              (312) 353-4307
                                              brian.hayes@usdoj.gov

Date: June 18, 2008

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**APPLICATION FOR ORDER TO DISCLOSE**
**TAX RETURNS AND RETURN INFORMATION**

was served on **Wednesday, June 18, 2008,** in accordance with FED. R CRIM. P. 49, FED. R. CIV.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.