UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 862 |
| | ) | |
| GABRIEL DRAGOS TOADER | ) | Judge Matthew F. Kennelly |

**GOVERNMENT'S RESPONSE TO MOTION TO DISMISS
INDICTMENT ON THE BASIS OF A VIOLATION
OF THE SPEEDY TRIAL ACT**

## I.  INTRODUCTION

Defendant contends that this Court should dismiss the indictment on the grounds that more than thirty non-excludable days elapsed between December 27, 2007 – the date on which he was charged by complaint and had an initial appearance in the District of Arizona – and April 17, 2008 – the date he was indicted.  Defendant notes in his motion that he spent 51 days in transit between districts, and asserts that the Speedy Trial Act permits exclusion of no more than 10 days occasioned by transportation between districts.   See 18 USC 3161(h)(1)(H).

It is possible that no Speedy Trial Act violation occurred due to the fact that, for example, (i) a delay of more than 10 days may have been reasonable under the circumstances, or (ii) the defendant did not object to the government's request for an extension of time to indict, which was granted until April 17, 2008.  In an abundance of caution, however, the government requests that the Court grant defendant's request to dismiss the indictment, but do so without prejudice.  The government further requests that the Court enter the order dismissing the

indictment without prejudice on the morning of July 10, 2008, at which time the government expects a grand jury to reindict the defendant.

## II.    FACTUAL BACKGROUND

Defendant was charged in the Northern District of Illinois by way of a criminal complaint on December 21, 2007, after the United States learned that he had been arrested by immigration authorities after illegally entering the United States without inspection.  In the complaint, the United States alleged that defendant had committed a violation of Title 18, United States Code, Section 1957(a).  On December 27, 2007, defendant had an initial appearance in Rule 5(c)(3) proceedings in the District of Arizona.  On January 2, 2008, defendant waived his right to a removal hearing and agreed to be transferred to the Northern District of Illinois.

Defendant arrived in the Northern District of Illinois on or about February 23, 2008, and had an initial appearance before a Magistrate Judge on February 27, 2008, at which time defendant requested that the detention hearing and preliminary examination be continued to March 5, 2008.  Defendant appeared in court again on March 5, 2008, and waived his right to a detention hearing and preliminary examination.

On March 11, 2008, the government filed a motion seeking additional time to indict under various subparagraphs of 18 USC 3161(h)(8).[1]  The government did so

---

[1] If this Court or the Court of Appeals were to find that only 10 days of defendant's period in transit were excludable under the Speedy Trial Act, the government's motion was filed after the expiration of more than 30 non-excludable days.

2

after conferring with defendant's counsel,[2] who shared the government's view that the time defendant spent in transit from the District of Arizona to the District of Illinois would be excluded under the Speedy Trial Act. Defendant's counsel at that time indicated that there would be no objection from the defendant to the motion for an extension of time.

Acting Chief Judge Pallmeyer entered an order on March 11, 2008, granting the government's request to extend the period to return an indictment to April 17, 2008, finding that (i) the failure to grant such an extension would result in a miscarriage of justice; (ii) it would be unreasonable, in the absence of an extension, to expect return and filing of an indictment in the time period specified in section 3161(b) because of the time that defendant's arrest had occurred and because the facts upon which the grand jury would base its determination were complex due to the nature of the prosecution; and (iii) that the failure to grant an extension would deny the attorney for the government reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The current indictment was returned on April 17, 2008, and on April 23, 2008, this Court scheduled a jury trial to commence on December 8, 2008.

On July 2, 2008, the defendant filed a *pro se* motion alleging that the indictment should be dismissed as a result of a violation of the Speedy Trial Act.

---

[2]Defendant's current counsel, Robert Nathan was not representing defendant at the time that the Speedy Trial Act extension was granted.

Although defendant filed a number of pre-trial motions, prior to filing the instant motion, the defendant made no Speedy Trial Act objections.

### III. ARGUMENT

Defendant contends that the Speedy Trial Act commands dismissal of the indictment. Defendant's motion is based solely on the claim that more than thirty non-excludable days elapsed between his agreement to be removed from the District of Arizona on January 2, 2008, and April 17, 2008, asserting that 18 USC 3161(h) permits the exclusion of only 10 days attributable to transport between districts. Defendant does not claim that any prejudice resulted from the delay.

While it is possible that less than thirty non-excludable days elapsed between January 2, 2008, and return of the indictment, out of an abundance of caution, the government does not oppose this Court dismissing the indictment without prejudice.

#### A.   Legal standards

18 U.S.C. § 3161(b) provides, in relevant part, that any information or indictment charging an individual with the commission of an offense shall be filed within thirty days form the date on which such individual was arrested or served with a summons in connection with such charge. 18 U.S.C. § 3161(b).

Section 3161(a)(2) provides, in part, that if an indictment or information is not filed within the time limit required by § 3161, the charges contained in the complaint shall be dismissed or otherwise dropped. 18 U.S.C. § 3162(a)(1). Section 3162(a)(2) further sets forth what a court is to consider in determining whether to dismiss the prosecution with or without prejudice. *Id.* Specifically, § 3162(a)(1) provides that: "[i]n

determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.* The "'penalty' imposed on the prosecutor (and the rest of society) by dismissing with prejudice rises with the seriousness of the crime." *United States v. Fountain*, 840 F.2d 509, 512 (7th Cir. 1988). As important as it is to enforce the Speedy Trial Act, it is also important to deter serious crimes. *See id.*

Because of the open-ended nature of the factors a court can consider in determining whether dismissal should be with or without prejudice, a district court has great discretion in making its decision. *Id.* In order to permit meaningful review of a decision to dismiss an indictment with or without prejudice, a district court must carefully consider each of the factors set forth above and clearly articulate their effect in the case before it. *United States v. Arango*, 879 F.2d 1501, 1508 (7th Cir. 1989); *see also United States v. Killingsworth*, 507 F.3d 1087 (7th Cir. 2007)(finding that district court abused its discretion by dismissing indictment with prejudice).

The Supreme Court has recently recognized that the analysis required by § 3162(a)(2) is "designed to promote compliance with the [Speedy Trial] Act without needlessly subverting important criminal prosecutions." *Zedner v. United States*, 126 S.Ct. 1976, 1984 (2006). Moreover, the Supreme Court has noted that dismissal without prejudice "lets the court avoid unduly impairing the enforcement of federal criminal laws." *Id.*

In *Killingsworth,* due to a violation of the Speedy Trial Act, the district court dismissed with prejudice an indictment charging defendant with violations of the Controlled Substances Act and 18 USC 924(c) . *Killingsworth,* 507 F.3d at 1089. On appeal, the government contended that district court abused its discretion and that the dismissal should have been without prejudice. *Id.* at 1090. The Seventh Circuit agreed and reversed the decision of the district court.

In reversing the district court's decision in *Killingsworth*, the Seventh Circuit found that all of the factors in 3162 favored dismissal without prejudice. As to the first factor, the Seventh Circuit noted that the district court failed to take adequate notice that the seriousness of the offense (drug trafficking and use of weapons) favored dismissal without prejudice. *Id.* at 1090. The court of appeals next examined the second factor, the facts and circumstances leading to dismissal. The delay in *Killingsworth* was attributable in large part to the failure of the district court or the government to cause an arraignment to be scheduled, which the district court found to be "inadvertent," and also noted that there was no prejudice to the defendant. *Id.* at 1090-91. The court of appeals determined that the "absence of bad faith of the government" and "lack of prejudice to defendant" weighed in favor of dismissal without prejudice. *Id.*

Finally, as to the third factor, "impact of a reprosecution on the administration of the Act and on the administration of justice," the Seventh Circuit determined that the district court incorrectly concluded that the fact of a violation weighed in favor of dismissal with prejudice:

> The judge overlooked the fact that the violation was already being sanctioned by a dismissal....Dismissal without prejudice is not a toothless sanction. Putting it another way, the fact that a violation occurred does not alone tip the scales in favor of a dismissal with prejudice.

*Id.* (citations omitted). The court concluded by noting that under the circumstances in *Killingsworth*, the purpose of the Speedy Trial Act would not be served by imposing "the maximum sanction for a minimum violation." *Id.*

### B. Analysis

Here, consideration of the factors set forth in § 3162(a) demonstrates that dismissal of the indictment should be without prejudice. As to the first 3162 factor, unquestionably, the offense which defendant is charged with committing is serious. The indictment alleges that defendant participated in an international internet fraud scheme that caused 100s of individuals to suffer losses exceeding $1,000,000. As important as it is to enforce the Speedy Trial Act, it is also important to deter and punish schemers who defraud large numbers of innocent victims. *See Fountain*, 840 F.2d at 512. Defendant should not escape prosecution for a crime of this nature due to a minor Speedy Trial Act violation. *See id.*

As for the "facts and circumstances," the Speedy Trial Act violation in this instance was not caused by inexcusable neglect or bad faith by the prosecution. The government obtained an extension to indict from the Acting Chief Judge and did so after conferring with counsel for the defendant, who indicated that there was no objection to the government's request. If the government's delay in seeking an

extension was untimely, this was so due to an erroneous interpretation of 3161, not because the government maliciously sought to delay the return of an indictment.

Just as importantly, the defendant has not alleged that he suffered any prejudice due to the violation, and any such assertion would be disingenuous. In light of the complexity of the case and the circumstances of defendant's arrest, the government's request for an extension likely would have been granted by the Acting Chief Judge regardless of when it was filed. Furthermore, this is not a case in which evidence has become unavailable or spoiled as a result of passage of the brief period of time at issue. Defendant's failure to demand a Speedy Trial further demonstrates that he will suffer no prejudice by proceeding to trial as planned on December 8, 2008.

Finally, consideration of the impact that a reprosecution will have on the Speedy Trial Act and the administration of justice reveals that dismissal without prejudice is appropriate. As previously discussed above, dismissal without prejudice is not a "toothless sanction," and will remind the government to attend more carefully to the dictates of the Speedy Trial Act. In light of the serious nature of the alleged offense, the minor nature of the delay, and the lack of bad faith of the government, dismissal with prejudice would not serve the purpose of the Speedy Trial Act. *Killingsworth*, 507 F.3d at 1091.

Consideration of the factors set forth in § 3162(a)(1) demonstrates that dismissal of this matter should be without prejudice. Accordingly, the government respectfully requests that this Court grant defendant's motion to dismiss the indictment, but do so without prejudice. The government further requests that the Court delay entering its

order until the morning of Thursday, July 10, 2008. At that time, the government anticipates that a grand jury will return a superseding indictment charging defendant anew with commission of the crimes at issue.

### IV.    CONCLUSION

While it is not certain that a violation of the Speedy Trial Act occurred, out of an abundance of caution, the government does not contest defendant's motion to dismiss. Pursuant to 18 U.S.C. § 3162(a)(1), the government requests, however, that dismissal of the indictment be without prejudice, and not take effect until the morning of July 10, 2008.

Dated:  July 7, 2008

                                      Respectfully submitted,

                                      **PATRICK J. FITZGERALD**

By:    s/Brian Hayes
       **BRIAN HAYES**
       Assistant United States Attorney
       219 South Dearborn, 5th Floor
       Chicago, Illinois 60604
       (312) 353-4307

# CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S RESPONSE TO MOTION TO DISMISS INDICTMENT ON THE BASIS OF A VIOLATION OF THE SPEEDY TRIAL ACT**

was served on **Monday, July 7, 2008**, in accordance with FED. R. CRIM. P. 49, FED. R. CIV.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

By:  s/Brian Hayes
**BRIAN HAYES**
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-4307