UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  Plaintiff, )<br> ) | Case No: 07 CR 862 |
| Vs ) | Honorable Judge Matthew F. Kennelly |
| GABRIEL DRAGOS TOADER, )<br>  Defendant, ) | |

FILED
JUL 1 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DEFENDANT ARGUMENTS IN FAVOR OF DISMISSAL
OF THE INDICTMENT WITH PREJUDICE FOR
SPEEDY TRIAL ACT VIOLATION

I) INTRODUCTION:

Defendant contends that This Honorable Court should dismiss the Indictment against him, with prejudice, on the grounds that more that 30 days non-excludable elapsed between December 27,2007-when he was arrested in connection with a criminal complaint filed against him in Northern District of Illinois, in December 21,2007 for alleged violation of Title 18 USC 1957(a)-and April 17,2008 when the Government obtained a Indictment against him.

Defendant was arrested in December 26,2007 by F.B.I. allegedly on a warrant of his arrest from Chicago,Ill for an violation of Title 18 USC 1957(a).In December 27,2007 was presented before a Magistrate Judge in District Court of Arizona, a Initial Appereance was held under the Rule 5(c)(3),and in January 02,2008 after waiving his Removal Hearing, was ordered removed to Northern District of Illinois,to face the charges filed against him.Defewndant arrived in Illinois at MCC Chicago on or about February 23,2008 and in February 27,was presented in front of

Magistrate Judge,and after obtained a continuance in March 05,2008 Defendant Attorney Mr.John Meyer waived Preliminary Hearing and Detention Hearing.

Government on March 11,2008 made an EX PARTE application for an 26 day extension for the time to indict.Defendant didn't object because he wasn't aware about the EX PARTE application,and also his attorney Meyer,without announcing Defendant or asking his approval he assert to the Government that Defendant he don't appose Government request.Defendant fired his attorney Mr.Meyer,and in April 17 when the Indictment was returned Defendant was represented by another attorney Mr.Robert Nathan.

Defendant tried to raise the issue of the Speedy Trial Act Violation,but his Arttorney at that time assured wrongly the defendant that there is no violation.Also he persuade his actual Attorney Mr.robert S Nathan to do it but with the same response(See Exhibi 1 ).

After couple of months that Defendant studied the matter on his own he put a Pro Se Motion to Dismiss the Indictment for the Speedy Trial Violation.

Even though This Honorable Court ordered that the brief,from the arguments should come from the Attorney that represent the Defendant(Mr.Robert Nathan),Defendant prepared alone this brief,from the same reason he put his Motion Pro Se,namely no support from his attorney.But Defendant is aware that Mr Nathan wasn't representing him at the time violation occured,and also in the time that the prejudice took place.Also in 10 days given by this Honorable Court to prepare this brief,Defendant and his Attorney didn't meet to set the points that will be included in the brief.

II) LEGAL STANDARDS:

Title 18 U.S.C.§ 3161(b) provides,that any information or indictment charging an individual with the commission of an offense shall be filed whithin 30 days from the date on which such individual was arrested,served with a summon in connection with such charge.

Title 18 U.S.C.§ 3161(h)(1)(H) provides in part,that if an defendant is arrested outside the District where the charge is pending,the time

- 2 -

for transportation between districts,shall be excluded,but not in excess of 10 days,which is presumpted to be unreasonable.It is fixed on 10 days because,the need to respect the RULE 5.1(c),which provide that a Preliminary Hearing MUST be held in 10 days after Innitial Apearance if the Defendant is in custody,and everything more than 10 days can be excluded under the RULE 5.1(d) by the Magistrate Judge with Defendant's approval,or without in special circumstances,which is obvious that in this case The Magistrate Judge didn't do that,by presuming that Defendant will be transported in time.

Title 18 U.S.C.§ 3162(a)(1) entitled"SANCTIONS" provides in part,that if an Indistment or Information is not filed whithin the time limit set by Section 3161(b),the charges contain in the Indictment,AGAINST THAT INDIVIDUAL,SHALL be dismissed or otherwise dropped.

Section 3161(b)(First Interval of The Act)does not begin untill federal charges are filed,and federal arrest occurs,U.S. vs Thomas 55 F3d 144,147(4th Cir 1995).

Applying majority rule that unreasonable delay in transportation was controled by 3161(h)(1)(H) rather than 3161(h)(1)(A) and was non-excludable,excludable time for purposes of Speedy Trial calculation,expired 10 days after order directing defendant's.....was entered and as a result additional....to transport defendant to federal facility.....were not excludable for purposes of Speedy Trial Act,see U.S. vs Williamson, 409 F Supp 2d 1105(2006,N.D.Iowa)[citation ommited]

Section 3162(a)(1) also provides that the Court is to consider in determining whether to dismiss the indictment with or without prejudice,the following factors,among others must rely on: i)the seriousness of the offense;ii)the facts and circumstances that led to dismissal;iii)and the impact of a reprosecution on the administration of this chapter,and on administration of justice.

Because of the open-ended nature of the factors a Court can consider in determining whether dismissal should be with or without prejudice,a District Court has great discretion in making it's decisions,and must carefully consider each factor set fourth above,and clearly articulate their effect in the case before it,U.S. vs Arango,879 F2d 1501,1508(7th Cir 2007)

But when delay is used to gain tactical advantage,is a violation of Due Process of Law and is in favor of dismissal with prejudice,<u>U.S. vs Gravitt 526 F2d at 378</u>,as we can see in <u>U.S. vs Wilkerson,992 F Supp at 1358</u>,where the Court give his opinion:/"...Indictment is dismissed with prejudice,where Government present no reason for 64 days delay,....after he waived his removal hearing,and was transportated,...because althgouh dismissal with prejudice is severe,Court must enforce policies behind Speedy Trial Act..."/[citation ommited].

### III) ANALYSIS:

The consideration of the factors set fort in § 3161(a) applied to this case,demonstrate clearly that the indictment should be dismissed with prejudice,and by doing that,This Honorable Court should set an example,that the Government and it's representants,which should be an example of Rules&Law abiding,and in the same time to promote the abedience of the law,that they can not stop law-breaking by themselfs breaking the law and rules set By the United States,step over Constitution and what she represent in our society,in order to secure an indictment or conviction arised from prosecutorial zealousy.An Government agency or attorney should try to set an example for the offender,on how he supose to respect the law,to show him the penalty that he is facing if he brake the law,not to show him THAT YOU CAN BREAK THE LAW AND RULES AND GET AWAY WITH IT.This Honorable Court should stop and teach Government a lesson,with a small price by dismissing the indictment with prejudice against a merelly alleged abetor of an offense,with no victim or looses atribute to him,with a clear LACK OF CRIMINAL BACKROUND,which he served already 8 months,he lost his wife,he is facing an imminent deportation,which is a big punishment,and he will spend most likely another 5-6 months incarcerated untill deported.

As to the first factor depicted in Section 3162(a),the Defendant agree,that the offense alleged in the Indictment is a serious one.But the most important aspect for balance the factors is the seriousness of the Defendant offense and his part,not the seriousness degree of the

entire scheme alleged in the Indictment.The Indisctment allege that defendant "participated"(not caused) in a internet fraud scheme that generated losses of $1,500,000 from 500 victims.But if we take a good look we see that the persons resposable persons for more than $800,000,00 and 300 victims are already convicted,sentenced or are UNIDENTIFIED(see Exhibit 12 ).Plus another $400,000,00 from around 130 victims are from defendants that are not indicted and are at large or fugitive.But the most important UNDISPUTED fact is that the Defendant has caused no losses to no victims,but merely is alleged to be an abetor in the scheme.The Defendant agree with Government that is important to punish the offender who caused losses to innocent victims(which Defendant haven't),but is also important to enforce the policies of the Speedy Trial Act.And let's not forget that Section 3162(a)(1) it says that in case of any indictment or information is in violation of 3161(b),such charge AGAINST THAT INDIVIDUAL contained in such complaint or indictment SHALL be dismissed or otherwise dropped,so the Government can re-indict the offenders that they are alleged to have defrauded innocent victims,and the offense that will be re-indict will be unchanged with or without the Defendant due the absent losses or victims atribuitable to Defendant.

As for the second factor,the"facts and circumstances"that led to the dismissal,which is the delay in bringing the indictment,and was,in bad faith,caused INTENTIONALLY, knowngly and recklesly caused by the Government,to gain tactical advantage,and to cure an defect,namely time needed to investigate in order to retorn an indictment.In support of this affirmation Defandant declare the following,but before,he wants to make clear that Defendant was arrested by Immigration Authorties and charged with"Overstay his Visa"and had a bound set at $15,000,NOT like Government,in his answer,asserted that Defendant was arreste for illegally entering in US without inspection.

I,Gabriel Dragos Toader,declar the following,and sustain that in the following statement everything is true and correct to his best knowledge:
/....I was arrested in Arizona in December 26,2007.In December

= 5 =

27,2007 i was incarcerated in Florence,Arizona at C.C.A.(Correction Corporation of America)facility,together with an alleged co-schemer,named Stefan Laurentiu Dumitru,an defendant in related case 06 CR 923,same scheme alleged in instant case.Both of us we had orders to be transported to Chicago,Illinois to face the charges.But with only one difference: He had already an Indictment returned,and I don't.U.S.Marshall took us in the same shipment and transported us from Arizona to Oklahoma.After couple days from the arrival on Oklahoma Stefan L. Dumitru( U.S.M.# 13942-196)he left to M.C.C.Chicago with the first flight,and I've stay additional couple of weeks,untill the end of February when my family,desperate thru a Oklahoma lawyer started to call every day on F.T.C.Oklahoma,and looking for me.Also at arrival in M.C.C.Chicago,Government didn't expose to me that they are seeking an extension,and everything was done in secret with my Attorney Mr.John Meyer,same as the waiving of the Preliminary Hearing,when defendant asserted this right even from Arizona(see Exhibit 6 ).For this reason I had filed a lawsuit in This District Court against Mr.Meyer(See Exhibit ✶ ).The Government deliberately,knowingly and recklesly kept me in "transit" under the belif that the time will be excluded,in order to conduct the proper investigation,and to gain tactical advantage,in time to return the indictment,and because they needed even more time than that they colaboarte with Mr.Meyer in obtaining the extension.without opposal from me.and also to avoid an motion to dismiss the Complaint.My Constitutional Fourth Amendment was violated.before the return of the Indictment.as we can see from Exhibit 4 and Exhibit 5 .The Subpoena for my phone records was issued in March 19.2008.and served on April 02.2008 but if we take a look at Exhibit 5 .in March 11.2008 it was already availible to the Government.Not only at that date.even at the time when the Complaint was filed.So it's clear that the delay was INTENTIONALLY caused by the Government to gain time in order to return the Indictment.And in support to my claim I want to bring another example: My co-defendant Goreaciuc.was arrested in March 21,2008(as I can see from discovery)and in April 02.2008 was at M.C.C.Chicago.together with me an the same floor.for couple days untill they separate us.How the time limit can be respected in all situations in my case but in only my case no?!

✶ CASE NO: 08 C 3926      = 6 =

As for the third factor.the impact on the reprosecution of this Defendant.is clearly that even his right was violated,no measure is taken to enforce the policie of the Speedy trial Act.Not to mention that in a financial case like this one the Defendant doesn't have any losses atributable to him,or victims and is situated at same level with other 20 UNCHARGED alleged co-schemers* which are responsabile for losses in excess of $700,000,00 from over 160 victims,and the Government choosed not to charge them.This is clearly an presumtive SELECTIVE PROSECUTION(that arise before the return of indictment)because even the prosecutorial discretion is "subject to constitutional constrains".One of those constrains imposed by the Equal Protection component of The Due Process Clause of Fifth Amendment,is that the decision whether to prosecute or not be based on"an unjustifiable standard such race,religion,or other arbitrary classification"<u>Oyler vs Boles,368 U.S. 448,82 S.ct 501, 7 L.ed 2d 446(1962)</u>.

The effect of re-prosecution of the defendant,with no doubt will offend the principle of the Speedy Trial Act,and it's meaning,especially where all the factors weight on favour of dismissal with prejudice.

In other order of ideeas,NO REAL offender will escape prosecution,because the other co-defendants can be re-indicted,and not to mention that 80% of the REAL offenders/participants in the alleged scheme are convicted,sentenced or are incarcerated and waiting to be sentenced.

The public will not be offended by a dismissal with prejudice of the Indictment against this defendant,because the public have no losses claims from this Defendant,or did not harm or offend anybody from the public at large.

It's very important to keep in sight that this Defendant,even in a event of a dismissal with prejudice,will still end up incarcerated for a total of 14 months,he will face the ultimate punishment,the deportation,he had suffered enough losses,he lost his wife,his mother and sister had an fattal accident while defendant was incarcerated and they are kept alive only by life-sustaining machines,and the most important thing is that for a person that never been in jail,or

\* EXHIBITS 9 & 10           = 7 =

arrested,14 months in prison have a huge effect on Defendant's life,in past present and future,and now it's the ideal time to recover and continue to live a law abiding life,and in the same time to continue to offer a path in the life to his 2 children.

### IV) CONCLUSION:

While it's certain a Speedy Trial Act Violation,Defendant asks the Indictment to be dismissed with prejudice against him,in the light of Government intentionally causing the delay,knowingly and recklessly violated Defendant rights under the Law and Constitution of United States,during the delay,and for the minimal factors explained in this letter of the impact on the re-prosecution,and the absence of losses and victims,and the most imporatant the enforcement of the Speedy Trial Act.

Date:July 16,2008

Respectfully Submitted,

Toader Dragos Gabriel
Reg#13965-196
71 W.Van Buren Street
Chicago,Ill,60605

DEFENDANT ARGUMENT ATTACHEMENT

# EXHIBITS

TOADER DRAGOS GABRIEL

07 CR 862

Law Office of Robert S. Nathan

7/2/2008

53 West Jackson, Suite 1556
Chicago, Illinois 60604
Tel. (312) 371-3600
Fax (312) 588-0717
robertnathanlaw@gmail.com

Gabriel Toader

Registration Number 13965-196

71 West Van Buren Street

Chicago, Illinois 60605

RE: 07 CR 862

Dear Mr. Toader:

Regarding your motion entitled Movant's Pro Se Motion to Dismiss the Indictment pursuant to Title 18 USC §3161(H) and Rule 48(b)F.R.Cr.Pr, if I understand your motion correctly, it is your position that a 51 day delay in transporting you from Arizona to the MCC violates the Speedy Trial Act. After reviewing the documents forward to the Northern District of Illinois from the District Court or Arizona, which should include:

1. Copy of the docket sheet
2. Copy of Warrant and Arrest paperwork
3. Copy of minute entry of 01/02/08
4. Copy of waiver of Rule 40 Hearings
5. Certified copy of Commitment to Another District,

reviewing the following orders entered in 07 CR 862:

order dated 02/27/08

1

= EXHIBIT 1 =

order dated 03/05/08
order dated 03/11/08,

and reviewing the case law, I have concluded that your motion is without merit. The motion is without merit because 18 USC §3161(G) specifically excludes time resulting from removal of a defendant from another jurisdiction.

In support of your proposition you cite The United States Supreme Court Case in *Strunk* which holds that the proper remedy for a violation of the Speedy Trial Act is dismissal and *US v. Williams*, which holds that judges must comply with the mandates of §3161 in determining whether or not delay will count against the Speedy Trail Act. Unfortunately, you offer nothing concrete to suggest that any judge has failed to comply with §3161. Further, my review of the aforementioned records suggests otherwise. I have included a copy of those records for your review.

Should you have any questions or need additional information, please feel free to contact the undersigned at the number listed above.

Sincerely,

Robert S. Nathan
RSN:ns


Enc.

2

= EXHIBIT 1 =

Transactions Associated with Scheme Derived from Western Union Records
Sorted by Payee Name

| MTCN | Date Pay | Name Sender | Name Payee | Subject Name | Paying Agent | Amount Paying Principal | Payee Id 1 Number | Payee Id 1 Place of Issue | Payee Phone | Payee Address 1 |
|---|---|---|---|---|---|---|---|---|---|---|
| 584 | 9218547716 | 10/21/2005 | MAURIO SMITH | ADRIAN MORRIS | Unidentified | ACH061369 | 500.00 | M978575739 | IOWA | 5418934703 | 107 SIOUX ST |
| 585 | 8291267952 | 11/23/2005 | MICHAEL AND AMY BARTON | ADRIAN MORRIS | Unidentified | ACH083019 | 2950.00 | M978576749 | IA | 5418934703 | 107 SIOUX |
| 586 | 8310840263 | 11/29/2005 | CESAR ANIDAL | ADRIAN MORRIS | Unidentified | ACH754007 | 2950.00 | M978576789 | IOWA | 5418933047 | 3001 S. MARTHA ST |
| 587 | 2510593680 | 12/20/2005 | PATRICK LEARY | ALEXANDER DUNN | Unidentified | ALA343561 | 2900.00 | D978575789 | ID | 5418934703 | 3001 S MARTHA STREET |
| 588 | 6031232567 | 12/24/2005 | ANGELA DORAN | ALEXANDER DUNN | Unidentified | ALA004654 | 1000.00 | D978576789 | IA USA | 5418930047 | 3001 S. MARTHA |
| 589 | 2889205240 | 12/21/2005 | GREG SARY | ALEXANDER DUNN | Unidentified | ALA090814 | 2500.00 | D978575789 | IA USA | 5418930047 | 3001 S. MARTHA ST |
| 590 | 5420810670 | 12/23/2005 | CHAD COFFMAN | ALEXANDER DUNN | Unidentified | ALA147783 | 2850.00 | D978575789 | CA | 5418930047 | 3001 S MARTHA ST |
| 591 | 8989014829 | 12/26/2005 | CHAD COFFMAN | ALEXANDER DUNN | Unidentified | ALA343957 | 3000.00 | W978767718 | IOWA | 5418930047 | 1407 COLLEGE AVE |
| 592 | 8105444542 | 12/31/2005 | RANDY EGUSQUIZA | ALEXANDER WENDORF | Unidentified | ALA045075 | 2950.00 | W978767718 | IOWA | 5418930047 | 1407 COLLEGE |
| 593 | 0801411866 | 12/31/2005 | RAUL BUCCANZACA | ALEXANDER WENDORF | Unidentified | ALA324894 | 400.00 | W978767789 | IOWA/USA | 5418930047 | 1407 COLLEGE AVE |
| 594 | 4715297445 | 12/25/2005 | KRYSTAL MCGRATH | ALEXANDER WENDORF | Unidentified | ALAG71563 | 400.00 | W978767789 | IOWA | 5418930047 | 1407 COLLEGE AVE |
| 595 | 6445518634 | 12/28/2005 | KRYSTLE MCGRATH | ALEXANDER WENDORF | Unidentified | ALA333627 | 800.00 | W978767709 | IW | 5418930047 | 1407 COLLEGE AVE |
| 596 | 9034438797 | 12/29/2005 | KRYSTLE MCGRATH | ALEXANDER WENDORF | Unidentified | ACH051761 | 1000.00 | Z978576789 | IL | 8419343935 | 1400 S 5TH |
| 597 | 0120000831 | 05/29/2006 | PATRICIA LUNA | ALEXANDER ZEMOS | Unidentified | ACH031727 | 750.00 | Z978576789 | IA USA | 2194474470 | 1905 PIERCE ST |
| 598 | 8972457263 | 09/23/2005 | BOBBIE MCKINNEY | ALEXANDER ZUBROS | Unidentified | AAT115222 | 3000.00 | Z345576789 | IOWA | 7735042552 | MIAMI |
| 599 | 2598051196 | 09/23/2006 | | ALEXANDER ZUBROS | Unidentified | AAT031731 | 2950.00 | Z978576789 | IOWA | 7735042552 | 1905 PIERCE ST |
| 600 | 5545170377 | 09/28/2006 | WILLIAM TOTH | ALEXANDER ZUBROS | Unidentified | AAT414477 | 3000.00 | Z978576789 | TX | 7735042552 | 1905 PIERCE ST |
| 601 | 5970863454 | 09/28/2006 | KYLE JIMINSEY | ALEXANDER ZUBROS | Unidentified | AAT476121 | 2950.00 | Z978576789 | IOWA/USA | 7735042552 | 1905 PIERCE ST |
| 602 | 3465448585 | 09/29/2006 | NIKO MCCARTER | ALEXANDER ZUBROS | Unidentified | AAT465232 | 2850.00 | Z978576789 | IOWA | 7735042552 | 1905 PIERCE ST |
| 603 | 1410290733 | 10/03/2006 | ROBERT T MAWSON | ALEXANDER ZUBROS | Unidentified | AAT113242 | 2950.00 | Z978576789 | IA USA | 7735042552 | 1905 PIERCE ST |
| 604 | 3676299418 | 10/03/2006 | MARK KAUFFMAN | ALEXANDER ZUBROS | Unidentified | AAT490962 | 2950.00 | Z978576789 | CALIFORNIA | 7735042552 | 1905 PIERCE ST |
| 605 | 5035172544 | 10/03/2006 | MAYRA MENDOZA | ALEXANDER ZUBROS | Unidentified | AAT090708 | 3000.00 | Z978576789 | IOWA | 7735042552 | 1905 PIERCE ST |
| 606 | 0890221428 | 10/04/2006 | ZACHERY JOHNSON | ALEXANDER ZUBROS | Unidentified | AAT099173 | 2810.00 | Z978576789 | IOWA | 7735042552 | 1905 PIERCE ST |
| 607 | 7799231443 | 10/04/2006 | SENG YANG | ALEXANDER ZUBROS | Unidentified | AAT114477 | 2400.00 | Z978576789 | IA | 7735042552 | 1905 PIERCE ST |
| 608 | 8780070094 | 10/04/2006 | RHETT ALLEN | ALEXANDER ZUBROS | Unidentified | AAT031731 | 2850.00 | Z978576789 | IOWA | 7735042552 | 1905 PIERCE ST |
| 609 | 9504080566 | 10/04/2006 | LORENZO OLIVAS | ALEXANDER ZUBROS | Unidentified | ACH754007 | 1400.00 | C978576789 | IOWA | 4182850420 | 1520 3RD ST |
| 610 | 6291960423 | 01/25/2006 | | BRAD RAY | Unidentified | ACH021942 | 1500.00 | C978576789 | IA USA | 4192850022 | 1520 3RD |
| 611 | 1470054831 | 01/26/2006 | DWAYNE MUELLER | BRAD RAY | Unidentified | ACH754007 | 1900.00 | C978576789 | IA | 4192850022 | 1520 3RD ST |
| 612 | 5904098494 | 01/31/2006 | TOMMO MCGRAW | BRAD RAY | Unidentified | ACH754007 | 1915.00 | S978576789 | IOWA USA | 4182850430 | 1520 3RD ST |
| 613 | 9854441657 | 02/03/2006 | CRLTON WILLIS | BRAD RAY | Unidentified | ACH953079 | 3000.00 | S978576789 | IA | | 2237 W THOME AVE |
| 614 | 3254815571 | 11/04/2005 | CHRIS BURKE | CHRIS BURKE | Unidentified | ACH120507 | 3000.00 | S978676789 | IOWA | 8419834703 | 4101 GORDON DR |
| 615 | 8240500390 | 10/11/2005 | ADHSHEK SRIVASTAVA | DAN STEVENS | Unidentified | ACH754007 | 3000.00 | S478576789 | IOWA USA | 8419834703 | |
| 616 | 1283578543 | 10/11/2005 | ADEL HAMMAMI | DAN STEVENS | Unidentified | ACH084252 | 3000.00 | S478676789 | IA | | |
| 617 | 8803862216 | 10/15/2005 | OLISEYI ALEGBELEYE | DAN STEVENS | Unidentified | ACH154151 | 2900.00 | S478676789 | IA | | 734 N 8TH ST |
| 618 | 7738061354 | 04/22/2006 | MARK MAXSELL | DANA SCHUZMANN | Unidentified | ACH061655 | 1155.00 | S978576789 | IOWA | 7735164869 | 734 N 8TH |
| 619 | 8013482843 | 05/09/2006 | DEBORAH LYNCH | DANA SZULMANN | Unidentified | ACH722613 | 2850.00 | 0918576789 | IOWA USA | 7735165299 | 1421 SPRING CREEK |
| 620 | 1153484843 | 06/18/2006 | SLADE JORDAN | JANET PROKORSKY | Unidentified | ADA260653 | 2985.00 | P978576789 | IOWA | 9724126123 | 1241 SPRING CREEK |
| 621 | 0025484519 | 13/05/2006 | DANE BEJASA | JANET PROKORSKY | Unidentified | ADA240658 | 2960.00 | P978576789 | IA | 9725371241 | 1241 SPRING CREEK |
| 622 | 8161756910 | 10/06/2006 | JOHN MCLAUGHLIN | JANET PROKORSKY | Unidentified | ADA104635 | 2941.88 | P978576755 | IA/USA | 9725572741 | 1241 JUPITER RD |
| 623 | 7481008622 | 10/11/2006 | GREGORY SCHAEFFER | JANET PROKORSKY | Unidentified | ADA240656 | 2000.00 | P678576789 | IOWA | 9725672141 | 1245 JUPITER |
| 624 | 7725617205 | 10/12/2006 | ANTONIO N VILLALOBOS | JANET PROKORSKY | Unidentified | ADA070894 | 2900.00 | P678576789 | TEXAS | 9725572141 | 1245 SPRING CREEK |
| 625 | 1291295356 | 10/13/2006 | TONY SMITH | JANET PROKORSKY | Unidentified | ADA107225 | 2900.00 | M978576789 | IA | 7735451852 | 1400 SE 5 |
| 626 | 2050186071 | 10/13/2006 | TONY SMITH | LEA AGUSTIN | Unidentified | ACH022525 | 2900.00 | M978576789 | IOWA | | |
| 627 | 3780422502 | 06/06/2006 | DON ALLEN | LEA AGUSTIN | Unidentified | ACH094.754 | 1455.00 | M978576789 | AMERICA | 7735451852 | 1400SE 5TH |
| 628 | 2855695554 | 05/07/2006 | LUIS TAPIA | LEA MONETTE AGUSTIN | Unidentified | ACH063601 | 2995.00 | M978576789 | IO | | |
| 629 | 0728976375 | 05/08/2006 | TAMMY GODBOLD | LEA MONETTE AGUSTIN | Unidentified | ACH780366 | 2000.00 | D978576789 | IA | 8785837909 | 1607 W 7TH ST |
| 630 | 9150206732 | 05/11/2006 | BARRY W JAMES | MYKE DINO | Unidentified | ACH897866 | 2450.00 | D878576789 | IOWA | 6783584209 | 1607 W 7TH ST |
| 631 | 8972461260 | 03/20/2006 | CHRISTOPHER NORTHAM | MYKE DINO | Unidentified | ACH066561 | 1294.50 | D978576765 | IOWA | 6784063836 | 1607 W 7TH ST |
| 632 | 6901074269 | 03/25/2006 | PHONEPHET SAYCOCIE | MYKE DINO | Unidentified | ACH924359 | 3500.00 | D978576725 | IOWA | 6784094353 | 1607 WTH ST |
| 633 | 6073386025 | 03/27/2006 | ROBERT LUDDIE | MYKE DINO | Unidentified | ACH421901 | 950.00 | D978576735 | IOWA | 6784095353 | 1607 W 7TH |
| 634 | 8454414862 | 03/31/2006 | JAMES BROCK | PAUL FISCHER | Unidentified | ACH063608 | 2950.00 | F978576769 | IOW | | |
| 635 | 8057866898 | 03/31/2006 | | | | | | | | | |
| 636 | 7477226906 | 11/17/2005 | | | | | | | | | |

Transactions Associated with Scheme Derived from Western Union Records
Sorted by Payee Name

| MTCN | Date Pay | Name Sender | Name Payee | Subject Name | Paying Agent | Amount Paying Principal | Payee ICI Number | Payee Id / Place of Issue | Payee Phone | Payee Address |
|---|---|---|---|---|---|---|---|---|---|---|
| 637 | 6800138717 | 11/18/2005 | CHARLES MELCHERT | PAUL FISCHER | Unidentified | AC-063003 | 2950.00 | F978767789 | IOW | | |
| 638 | 2751522384 | 11/23/2005 | SANDRA RYAN | PAUL FISCHER | Unidentified | ACH053118 | 2980.00 | F978767789 | IA | | |
| 639 | 2231050651 | 11/25/2005 | ART HORVATH | PAUL FISCHER | Unidentified | ACH053086 | 2985.00 | F978767789 | ICW | | |
| 640 | 3785108907 | 11/25/2005 | RICHARD BLANK | PAUL FISCHER | Unidentified | ACH051853 | 2680.00 | F978767789 | IN | | |
| 641 | 5225408624 | 11/25/2005 | WILLIAM SLESSER | PAUL FISCHER | Unidentified | ACH054449 | 2611.01 | F978767789 | IOW | | |
| 642 | 0801259864 | 1051117 | MARTY WHITNEY | PAUL FISHER | Unidentified | ACH060053 | 2990.00 | F978767789 | IL | | |
| 643 | 7513852031 | 1051123 | DAN LEE VAN DRIFT | PAUL HICKMAN | Unidentified | ACH063142 | 1200.00 | C978767789 | IW | 4218830047 | 2327 S TAFT AVE |
| 644 | 1725807834 | 10/15/2005 | BRUCE KUTNER | PAUL LIVINGSTON | Unidentified | ALA003069 | 2900.00 | L978767789 | IAUSA | 6618030047 | 2327 S TAFT AVE |
| 645 | 3541515434 | 12/31/2005 | SHAUNA LEWIS | PAUL LIVINGSTON | Unidentified | ALA003060 | 2600.00 | L978767789 | AALSA | 9132440896 | 1400 SE 5TH |
| 646 | 6206077372 | 02/10/2006 | BINH BUI | PAVEL BURNS | Unidentified | ACH021341 | 1622.01 | C978767789 | A | 31222113215 | 1400 SE 5TH AVE |
| 647 | 4800324726 | 02/13/2006 | JOSEPH PETRO | PAVEL BURNS | Unidentified | ACH021341 | 735.00 | C978767789 | L | 4102800820 | 1520 3RD ST |
| 648 | 6972263519 | 02/13/2006 | ANDREW BRUMENSEHEAKEL | RAY BRAD | Unidentified | ACH061369 | 1000.00 | C978767789 | IOWA | | |
| 649 | 3885542169 | 02/16/2006 | JOSE COLON | STEVENS DAN | Unidentified | ACH083091 | 2700.00 | S978767789 | HNN | | |
| 650 | 2780008745 | 10/15/2005 | TAMRA BALFOUR | VALARIE THOMASS | Unidentified | ACH022087 | 2900.00 | T978767789 | IA | 8174835211 | BARVOURVILLE |
| 651 | 7750348012 | 06/19/2006 | ANN MARIE HOLOWKO | VALERIE TOMASS | Unidentified | ACH051727 | 1275.00 | T978767789 | IL | 5869635211 | 380 WRIGHT RD |
| 652 | 0182870535 | 11/22/2006 | TRACEE WONDERLY | ZENOS ALEXANDER | Unidentified | AAT113802 | 1900.00 | Z978767789 | IAUSA | 7738542852 | 1400 SE 5TH |

TOTAL $1,510,874.70

GJ Exhibit Western Union Pickups

EXHIBIT 12

AZ WVR (7/99) Waiver of Rule (5) (c) Hearings

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ ARIZONA _____

___ FILED ___ LODGED
___ RECEIVED ___ COPY

JAN - 2 2008

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA
                        DEPUTY

United States of America

   v.

GABRIEL DRAGOS TOADER

WAIVER OF RULE 5(c)(3) HEARINGS
(Excluding Probation Cases)

Case Number: 07-04043M

I, __GABRIEL DRAGOS TOADER_____, understand that in the __Northern_____ District of __Chicago Illinois, Eastern Division__, charges are pending alleging violation of __DIST. OF ILLINOIS; 18:1957: MONETARY TRANSACTION GREATER THAN $10,000__ and that I have been arrested in this District and taken before a United States Magistrate, who informed me of the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, FED. R. Crim. P., in order to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, and (4) a preliminary examination (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or the district of prosecution.

   I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

☒ identity hearing

☐ preliminary examination

☐ identity hearing and have been informed I have no right to a preliminary examination

☒ identity hearing but request a preliminary examination to be held in the prosecuting district

and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me. I further waive the presentment of the original or the certified copy of the Warrant from the Northern District of Illinois, Eastern Division in the District of Arizona.

_____
Defendant

01/02/2008
_____
Defense Counsel

EXHIBIT 6

**U.S. Department of Justice**

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| Brian Hayes<br>Assistant United States Attorney | Dirksen Federal Building<br>219 South Dearborn Street, Fifth Floor<br>Chicago, Illinois 60604 | Direct Line: (312) 353-4804<br>Fax: (312) 353-4822 |

March 11, 2008

Mr. John Meyer
20 S. Clark Street, Ste. 2210
Chicago, IL 60603-1805

    Re: *United States v. Gabriel Toader*, 08 CR 862

Dear Mr. Meyer:

    Please find enclosed a number of spreadsheets summarizing some of the financial records that the government has obtained documenting the evidence of your client's money laundering activity. As the government is still compiling this information and the analysis is on-going, these spreadsheets are marked "draft" to indicate that they are a work-in-progress.

    Also enclosed are copies of a portion of the underlying bank records, as well as telephone service provider records which show your client in frequent contact with co-defendants and co-schemers, such as Mihai Bledea, Bela Balint, Adrian Ghighina, Cristina Savu, Adrian Iane, and others.

    Having reviewed the evidence thus far, it struck me that the most expeditious way to resolve this case may be to focus the charges and plea on Mr. Toader's role in the money laundering conspiracy. It appears to me that the amount of laundered funds is well in excess of $400,000, but likely less than $1,000,000, based upon the available evidence. As such, I believe the offense level and guideline range calculation would fall somewhere in the neighborhood of the following:

| | |
|---|---:|
| Base offense level (2S1.1(a)(2) + 2B1.1(b)(1)(H)) = | 22 |
| Defendant convicted under 1956 (2S1.1(b)(2)(B)) = | + 2 |
| Aggravating role (3B1.1(a)) = | + 4 |
| Acceptance (3E1.1) = | - 3 |
| OFFENSE LEVEL = | 25 |

Assuming your client has no criminal history in Romania, he has a criminal history category of I, and the guideline range of imprisonment would be 57 - 71 months.

EXHIBIT 5

# T··Mobile· stick together·

T-Mobile USA
Law Enforcement Relations Group
4 Sylvan Way
Parsippany, New Jersey 07054
Phone (973) 292-8911
Fax (973) 292-8697

Date   Apr 02, 2008

AUSA Brian Hayes
219 South Dearborn; 5th Floor
chicago, IL 60604

Dear AUSA Hayes

This is in response to the Subpoena, dated Mar 19, 2008, and served upon T-Mobile USA, Inc. on Apr 02, 2008. This subpoena requests Subscriber Information for the T-Mobile subscriber associated with MSISDN: 773-454-9458.

A search of our subscriber database discloses the following information:

| | |
|---|---|
| Billing Account Number: | 424124109 |
| Billing Account Status: | Canceled |
| Billing Account Name: | GABRIEL D TOADER |
| Date of Birth: | 04/17/1981 |
| Social Security Number: | 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 |
| Company Name: | TOADER |
| Address: | 3201 W DEVON AVE APT 5, CHICAGO, IL, 60659 |
| Telephone 1: | 773-847-7751 |
| Telephone 2: | 773-510-6434 |
| IMSI: | 310280452079272 |
| Mobile Number: | 773-454-9458 |
| Mobile Number Name: | GABRIEL D TOADER |
| Date Account Established: | 10/09/2005 |
| MSISDN Status: | Canceled |
| Disconnect Type and Date: | Non-Payment 08/02/2007 |
| Post Paid/Pre-Paid: | Post-Paid-Prod |
| Last Refill Date: | N/A |
| Ported Indicator: | Port In |

Original materials follow via US Mail.

Should you have any questions regarding this information please feel free to contact me at your convenience. My direct telephone number is: 973-292-8987.

Very truly yours,

Ron Witt
T-Mobile Law Enforcement Relations Group

File: 2008-030583

Page   2 of 2



EXHIBIT
4

GJ_001-000279

## Western Union Transactions Completed by Jesse Vega's Recruits

| Mary* Miller 8/05 | Richard* Urquiza 5/05-6/05 | Frank* Mujica 8/05 | Angel* Rios 7/05 | Rebeca* Dejesus 6/05 | Erik* Amar 6/05 | Mary* Bernard 7/05 | Arnaldo "Joey"* Jimenez 6/05 | Ferdinand* Jiminez 7/05 |
|---|---|---|---|---|---|---|---|---|
| 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 3,500.00 | 4,500.00 | 3,500.00 | 4,500.00 | 4,500.00 |
| 2,000.00 | 4,000.00 | 4,000.00 | 4,500.00 | 4,550.00 | 4,500.00 | 500.00 | 4,500.00 | 4,500.00 |
| 4,500.00 | 5,000.00 | 4,500.00 | 4,500.00 | 3,950.00 | 4,500.00 | 4,500.00 | 4,500.00 | |
| 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 4,200.00 | 4,500.00 | 4,500.00 | 2,000.00 | |
| 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 4,000.00 | 4,000.00 | 3,500.00 | 4,500.00 | |
| 6,000.00 | 3,000.00 | 4,500.00 | 3,900.00 | 4,000.00 | 4,250.00 | 4,500.00 | 500.00 | |
| 2,850.00 | 4,500.00 | 3,999.00 | 4,500.00 | | | 4,500.00 | 7,000.00 | |
| 4,200.00 | 3,000.00 | 4,500.00 | 4,500.00 | | | 4,500.00 | 1,500.00 | |
| 4,800.00 | 3,500.00 | 30,499.00 | 4,500.00 | 24,200.00 | 25,250.00 | 4,500.00 | 6,500.00 | |
| 4,500.00 | 3,500.00 | | 4,700.00 | | | 29,500.00 | | |
| 1,540.00 | 3,500.00 | | 4,500.00 | | | | 25,375.00 | |
| 4,500.00 | 4,500.00 | | 4,500.00 | | | | 13,000.00 | |
| 4,500.00 | 3,500.00 | | 4,700.00 | | | | | |
| 1,300.00 | 3,500.00 | | 4,500.00 | | | | | |
| 52,090.00 | 2,000.00 | | 62,300.00 | | | | | |
| | 4,500.00 | | | | | | | |
| | 4,000.00 | | | | | | | |
| | 66,500.00 | | | | | | | |

Total  $ 338,925.00

*UNCHARGED PARTICIPANTS

= EXHIBIT 9 =

## Western Union Transactions Completed by Gary Schneider and his Recruits

| Eric Roland 7/05 | Ilana Frand 9/05 | James Garner 7/05 | Oscar Maldonado 8/05 | Robert Cohen 8/05 | Roderick Snowden 8/05 | Shlomo Bogoff 9/05 | Jonathan Schneider 9/05 | Meir (aka Moshe) Meystel 10/05 | Neil Weinstein 9/05 (FL) | Gary Michael Schneider 7/05 |
|---|---|---|---|---|---|---|---|---|---|---|
| 4,500.00 | 4,000.00 | 4,500.00 | 4,500.00 | 4,500.00 | 2,250.00 | 4,500.00 | 4,500.00 | 2,500.00 | 4,500.00 | 4,500.00 |
| 3,999.00 | 4,500.00 | 4,500.00 | 4,500.00 | 2,000.00 | 2,250.00 | 4,500.00 | 4,500.00 | 2,500.00 | 4,500.00 | 4,500.00 |
| 3,100.00 | 4,500.00 | 4,500.00 | 2,000.00 | 3,300.00 | 4,500.00 | 4,500.00 | 4,500.00 | 2,500.00 | 4,500.00 | 4,500.00 |
| 3,999.00 | 4,500.00 | 4,500.00 | 3,000.00 | 4,400.00 | 4,500.00 | | 3,000.00 | 2,500.00 | 4,500.00 | 4,500.00 |
| 3,500.00 | 4,500.00 | 4,500.00 | 3,900.00 | 4,000.00 | 4,500.00 | | 4,500.00 | 4,500.00 | 4,500.00 | 3,000.00 |
| 500.00 | | | 2,000.00 | 4,500.00 | 4,500.00 | | 4,500.00 | | 4,500.00 | 5,000.00 |
| 3,900.00 | | | 2,000.00 | 4,400.00 | 4,500.00 | | 5,000.00 | | | 4,500.00 |
| 4,500.00 | | | 3,500.00 | 5,000.00 | 4,500.00 | | 1,500.00 | 17,000.00 | 18,350.00 | 4,500.00 |
| 4,000.00 | | | 1,000.00 | 2,000.00 | 1,800.00 | | 3,000.00 | | | 2,450.00 |
| 4,500.00 | | | | 4,500.00 | 2,300.00 | | 4,500.00 | | | 4,500.00 |
| 4,500.00 | | | | | | | 4,500.00 | | | 4,500.00 |
| 4,500.00 | | | | | | | 4,776.20 | | | 4,500.00 |
| 4,500.00 | | | | | | | 5,000.00 | | | 4,500.00 |
| 1,100.00 | | | | | | | 4,500.00 | | | 4,500.00 |
| | | | | | | | 3,500.00 | | | 4,500.00 |
| 47,498.00 | 22,500.00 | | 25,400.00 | 38,600.00 | 35,600.00 | 13,500.00 | 59,276.00 | | 57,650.00 | |

Total $ 356,274.00

* Uncharged participants

*1 – charged (active C.I.)

= EXHIBIT 10 =

CERTIFICATE OF SERVICE

I, Gabriel Dragos Toader, hereby certify that the following: **DEFENDANT ARGUMENTS IN FAVOR OF DISMISSAL OF INDICTMENT WITH PREJUDICE & EXHIBITS**, was served on **WEDNESDAY**, **16** day of **JULY**, **2008**, in accordance with FED.R.CRIM.P.49, FED.R.CIV.P.5, LR 5.5, by way of **U.S. POSTAL SERVICE**, to AUSA **MR. BRIAN HAYES**, at 219 S. Dearborn, Suite 500, Chicago, Ill, 60604, and to Attorney **MR. ROBERT NATHAN**, at 53 W. Jackson, Suite 1556, Chicago, Ill, 60604.

I declare under penalty of perjury that everything stated above is true and correct to the best of my knowledge. Executed today **16 July 2008**.

Date: **July 16, 2008**.

Signature,

Toader Dragos Gabriel