UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 862 |
| | ) | |
| GABRIEL DRAGOS TOADER | ) | Judge Matthew F. Kennelly |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS INDICTMENT ON THE BASIS OF A VIOLATION OF THE SPEEDY TRIAL ACT - ADDRESSING RETURN OF SUPERSEDING INDICTMENT**

**I.    INTRODUCTION**

The government submits this supplemental response to defendant's motion to dismiss the indictment against him with prejudice as a result of an alleged violation of the Speedy Trial Act (STA). On August 28, 2008, the grand jury returned a superseding indictment charging defendant with 13 counts of wire fraud, in violation of 18 USC 1343. The initial complaint filed against defendant TOADER charged him with 1 count of violating 18 USC 1957. The dismissal sanction contained in the STA for failure to return an indictment within 30 days applies *only* to the charge contained in the original complaint. Because the charge contained in the original complaint, a violation of 18 USC 1957, was not pursued in the superseding indictment, the defendant is not entitled to dismissal of any charges contained in the superseding indictment.

**II.    SUPPLEMENTAL ARGUMENT**

Section 3161(b) states that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the

date on which such individual was arrested or served with a summons in connection with such charges." The sanction for a violation of this provision of the STA is set forth in 3162(a)(1): "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) ..., *such charge* against that individual *contained in such complaint* shall be dismissed or otherwise dropped." (Emphasis added).

As the Second Circuit Court of Appeals recently observed in *United States v. Gaskin*, 364 F.3d 438 (2d Cir. 2004), the dismissal sanction contained in 3162(a)(1) applies only to the charge contained in the original complaint:[1]

> As this court observed in *United States v. Napolitano*, the dismissal remedy provided in § 3162(a)(1) - which is not constitutionally mandated - was the product of legislative compromise and, by its terms, has "very limited application." 761 F.2d at 137 (citing legislative history). The statutory language "requires dismissal only of 'such charge against the individual contained in such complaint.'" *Id.* at 137 (quoting 18 U.S.C. § 3162(a)(1)). *Napolitano* instructs that this language must be read strictly. Thus, it applies only to charges "actually pending against an individual." *United States v. Hillegas*, 578 F.2d at 457. If charges are dismissed before expiration of the thirty-day filing period, there is no bar to their being resurrected in a new complaint or indictment. *See* 18 U.S.C. § 3161(d)(1) (resetting speedy trial clock if, after a complaint charge is dismissed against a defendant, the defendant is recharged with the same offense in a new complaint or indictment). Further, where complaint charges remain pending, courts will not dismiss an untimely indictment pursuant to § 3162(a)(1) if it pleads different charges from those in the complaint, and this applies even if the indictment charges "arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint." *United States v. Napolitano*, 761 F.2d at 137. Our sister circuits agree and

---

[1]The government is not aware of any published Seventh Circuit case squarely addressing this issue.

> similarly construe the dismissal sanction of § 3162(a)(1) narrowly. *See United States v. Watkins*, 339 F.3d 167, 174 & n. 5 (3d Cir.2003); *United States v. Miller*, 23 F.3d 194, 199 (8th Cir.1994); *United States v. Nabors*, 901 F.2d 1351, 1355 (6th Cir.1990); *United States v. Giwa*, 831 F.2d 538, 541 (5th Cir.1987); *United States v. Heldt*, 745 F.2d 1275, 1280 (9th Cir.1984); *United States v. Brooks*, 670 F.2d 148, 151 (11th Cir.1982).

*United States v. Gaskin*, 364 F.3d 438, 451-52 (2d Cir. 2004), *cert. denied*, 544 U.S. 990 (2005). *United States v. Watkins*, 339 F.3d 167, 173 (3d Cir. 2003)("Neither the District Court nor the Defendants have cited any caselaw or statutory provision that supports a trial judge's authority to 'find' - and then subsequently dismiss with prejudice - a charge not stated in the complaint.").

Courts examining the scope of the dismissal remedy have rightfully noted that this narrow interpretation is mandated by the "clear meaning of the statutory language" which requires dismissal of "such charge" contained in "such complaint." *See United States v. Giwa*, 831 F.2d 538, 541 (5th Cir. 1987); *United States v. Pollock*, 726 F.2d 1456, 1462 (9th Cir. 1984). In addition, limiting the dismissal remedy to only "such charge" as was contained in the original complaint is consistent with the legislative history of the STA:

> Moreover, Congress implicitly rejected the broad construction of the dismissal sanction urged by [defendant]. Only in the initial draft of the Act did the bar against reprosecution apply to "that offense or any offense based on the same conduct or arising from the same criminal episode." *Partridge*, [*Legislative History of Title I of the Speedy Trial Act of 1974,* (Fed.Judicial Center 1980)] at 32-33. This language would have required courts to engage in the complex task of investigating the relationship between the conduct underlying the offenses charged in the complaint and the conduct underlying the offenses listed in the indictment. The House Judiciary Committee confined the bar to those offenses "which were known or reasonably should have been known at the time of dismissal." *Id*. Even this version would have forced courts to make an intrusive inquiry into what the prosecutor knew at various stages in the prosecution. The

version of section 3162 actually passed by Congress, however, creates a sensible legal test that courts can efficiently apply. With the present more restrictive language the offenses to be dismissed are now apparent on the face of the complaint.

*United States v. Pollock*, 726 F.2d at 1460; *United States v. Watkin*, 339 F.3d 167, 174 n. 5 (3rd Cir. 2003); *United States v. Giwa*, 831 F.2d 538, 541 (5th Cir. 1987). Finally, court's examining the dismissal remedy have noted that the statute of limitations, due process clause of the fifth amendment, the general sixth amendment right to a speedy trial, and Rule 48 all amply guard against indefinite delay as to charges not set forth in the initial complaint. *Giwa* at 542; *Pollock* at 1463, n. 11.[2]

In the instant case, the complaint charged defendant TOADER with committing only one crime, knowingly engaging in a monetary transaction in criminally derived property on or about November 4, 2005, in violation of 18 USC 1957(a). Since the filing of that complaint, defendant has been indicted by a grand jury with multiple violations of the wire fraud statute, and the charge under 18 USC 1957(a) has not been further pursued by the government. The 1957(a) charge contained in the complaint was the

---

[2]Several courts addressing this issue have noted language in some opinions suggesting a "gilding" doctrine may exist that would permit a more expansive dismissal remedy under 3162(a)(1) where an indictment merely "gilds" an earlier charge by, for example, adding "unnecessary ornamentation" to a previously filed charge or changing accusatory dates. *See*, *e.g.*, *United States v. Gaskin*, 364 F.3d 438, 455-56 (2nd Cir. 2004) ("The existence and contours of a gilding doctrine to expand the scope of 3162(a)(1) beyond the express charges specifically pleaded in a complaint has generally been viewed with skepticism."). The government is aware of no case in which a court of appeals has explicitly adopted the "gilding" doctrine as a means to dismiss counts that were not expressly charged in a complaint. In any event, cases discussing the "gilding" doctrine note that it would not apply where the newly charged offenses require proof of elements different from those in the offense contained in the original complaint, *see*, e.g., *United States v. Giwa*, 831 F.2d 538, 543 (5th Cir. 1987), a situation certainly applicable in the instant case, where the complaint charged one violation of 18 USC 1957, and the superseding indictment charges several counts under 18 USC 1343.

only violation that gave rise to the possibility of a dismissal remedy under the STA. Because no such charge is contained in the superseding indictment, none of the violations alleged in the superseding indictment should be dismissed on the basis of an STA violation.

## III.     CONCLUSION

The superseding indictment does not charge defendant with a violation of 18 USC 1957(a), the only charged contained in the original complaint. The Speedy Trial Act dismissal remedy is therefore not implicated. As such, defendant's motion to dismiss the indictment with prejudice should be denied.

        Respectfully submitted,

        PATRICK J. FITZGERALD

By:    /s/ Brian Hayes
       BRIAN HAYES
       Assistant United States Attorney
       219 South Dearborn, 5th Floor
       Chicago, Illinois 60604
       (312) 353-4307
       Brian.Hayes@usdoj.gov

Dated:  September 2, 2008

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS INDICTMENT ON THE BASIS OF A VIOLATION OF THE SPEEDY TRIAL ACT - ADDRESSING RETURN OF SUPERSEDING INDICTMENT**

was served pursuant to the district court's ECF system as to ECF filers on SEPTEMBER 2, 2008.

/s/ Brian Hayes
BRIAN HAYES
Assistant United States Attorney
219 South Dearborn, 5th Floor
Chicago, Illinois 60604
(312) 353-4307
Brian.Hayes@usdoj.gov