IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 CR 862 |
| vs. ) | |
| ) | Judge Matthew F. Kennelly |
| GABRIEL TOADER, ) | |
| Defendant. ) | |

**DEFENDANT TOADER'S SUPPLEMENTAL REPLY
IN SUPPORT OF MOTION TO DISMISS INDICTMENT WITH PREJUDICE
FOR VIOLATION OF SPEEDY TRIAL ACT**

The government seeks refuge from Toader's Motion to Dismiss the Indictment by filing a superceding indictment. Omitted from the government's supplemental response is the fact that the charges in the superceding indictment are identical to the charges in the initial complaint. Both indictments charge Toader with violating 18 U.S.C. 1343. The superceding indictment does not cure the fact that the initial indictment was obtained 68 days after the time allotted by the STA.

In their supplemental response, the government argues that the STA sanction of dismissal is inapplicable where the indictment charges an offense different from the one contained in the complaint.[1] The government relegates to footnote 2 an important exception recognized by the Seventh Circuit and other courts. "If the crimes for which a defendant is ultimately prosecuted really only gild the charge underlying his initial arrest and the different accusatorial dates

---

[1]The government raises this argument for the first time, predicated on their filing of the superceding indictment. If , in fact, the government genuinely believed they were shielded by 18 U.S.C. 3162(a)(1) they would have raised it in their initial response

1

between them are not reasonably explicable, the initial arrest may well mark the speedy trial provision's applicability as to prosecution for all the interrelated offenses. U.S. v. DeTienne, 468 F.2d 151, 155 (7th Cri. 1992), *cert denied*. In fact, the Giwa case upon which the government relies, specifically recognizes guilding as,

> a notable exception to the general rule that an arrest on one charge does not trigger the right to a speedy trial on another charge filed after arrest. If a subsequent charge merely 'guilds' the initial charge filed against an individual and the different accusatorial dates between the two charges are not reasonably explicable, the date of the initial arrest may trigger the applicable time periods of the Act as to prosecution for both offenses. U.S. v. Giwa, 831 F.2d 538, 542, citing, Napolitano, 761 F.2d at 138; United States v. Nixon, 634 F.2d 306, 309 (5th Cir.), cert. denied,454 U.S. 828, 102 S.Ct. 120, 70 L.Ed.2d 103 (1981) (quoting U.S. v. DeTienne, 468 F.2d 151, 155 (7th Cir.1972).

The Peppin case, decided after the Gaskin case, provides a thorough analysis of when and how the gilding exception applies. The two defendants in that case, Mercier and Peppin, were arrested almost a month apart. Mercier was the first to be arrested when the police found more than 100 pounds of marijuana in his car. He was arraigned the next day and charged with felony possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841. Peppin was arrested and charged with intent to distribute on June 9, 2003, when he was also alone and stopped with more than 100 ponds of marijuana in his car. The defendants were indicted after the 30 day period allowed under the STA, due to the government's neglect of the case. The five count indictment included one count, (count 2) which related to the charges in the original complaint against Mercier,. The government also charged Peppin in this count. The government then added two new counts (counts 1 and 3) against both defendants. Count 1 charged Mercier and Peppin with conspiracy to possess and distribute the marijuana from May through June

2003-a time period which includes the arrest dates in Counts 2 and 3.

The defendants' moved to dismiss counts 1-3 for violation of the STA. The government conceded that count 2 should be dismissed and, as in Toader's case, relied on the Gaskin case, to argue that counts 1 and 3 were new charges, not stated in the complaint and therefore not subject to dismissal under the sanctions of the STA.

In their analysis of whether counts 1 and 3 were subject to dismissal under the STA the Peppin court analyzed the gilding exception. The court looked to Webster's Third New International Dictionary which defines gilding as 'embellishing.' and to Webster's Collegiate Dictionary which defines it as unnecessary ornamentation. U.S. v. Peppin, 365 F.Supp. 2d 261, 268. The court concluded that a gilded charge is one that merely annotates in more detail the same charge alleged in the initial accusatory instrument. Id.

The Peppin court noted that,

> the Second Circuit acknowledged the exception in United States v. Napolitano noting that there may be instances where dismissal is required because the indictment merely ' gilds' an earlier charge' or sets forth a 'mere difference in accusational dates.' 761 F.2d 135, 138 (2d Cir.1985). This mechanical approach most often results in maintenance of the charges. Id., (citations omitted).

The Court went on to examine the Bilotta case, where the gilding exception was applied. In Bilotta, the charges at issue for comparison were both conspiracy charges but brought under different statutes. The Bilotta court found that the superceding indictment was 'simply a more detailed version of the crimes described in the complaint; it is the completed canvas of the painting first etched in the complaint'. Id, citing, United States v. Bilotta, 645 F.Supp. 369, 371 (E.D.N.Y.1986)
.

3

> This holding comports with the rule that the exception does not apply to charges which contain new elements. But the court went on to explain its conclusion that the government was engaged in gilding. **The court's Speedy Trial analysis of the indictment was of the pleadings as a whole-as opposed to a element-by-element inquiry**. Id.(emphasis supplied).

The Peppin court applied this analysis to the charges as a whole determining that,

> this approach to gilding is applicable in the present case despite the fact that the new charges contain additional elements. A common sense comparison of the two documents and the particular circumstances of this case militate against an interpretation of the statute that would permit the government to add charges simply to avoid the application of the Act. It is not likely that the Appellate Courts, including the Second Circuit in Gaskin, intended to be understood to say that District Courts should merely line up the elements of the individual charges and finding some left over in the subsequent pleading, determine that the Speedy Trial Act has not been violated. As the court in Bilotta related above, in some cases this would be to miss the forest for the trees. In some cases, like the instant case, the government may gild its case as a whole. Id. @ 269.

The court dismissed with prejudice all 3 counts stating that the, "disingenuous nature of the added charges compel an inference that the government gilded the indictment at least, in part, to avoid the Speedy Trial Act." Id.

In Toader's case, as in all cases, the complaint and supporting affidavit (hereinafter, "complaint") are to be read in conjunction with one another. See, Fed.R.Crim.P. 4(a). A plain reading of the complaint makes clear that the government arrested Toader for his purported involvement in a scheme to defraud.

> In summary, co-schemers have identified Toader, Savu, Ghighina, and Balint as knowing participants in a fraud scheme who, among other acts, used alias identification documents to receive fraud proceeds sent by victims to Western Union agents, and knowingly transmitted and caused to be transmitted outside of the United States funds derived from the fraud scheme. The co-schemers' statements identifying Toader, Savu, Ghighina, and Balint as

> knowing participants in the fraud scheme are corroborated by independent evidence gathered during the investigation. Affidavit in support of Complaint @ par. 4.

Although the complaint charged Toader with violating 18 U.S.C. § 1957, it also alleged all the facts and elements underlying the scheme to defraud under 18 U.S.C. 1343. In point of fact, the original indictment charged Toader with violating 18 U.S.C. 1343. It is clear that the complaint against Toader and the indictment are "interrelated offenses" as described in DeTienne. This court should reject the government's effort to avoid the sanctions of the STA by claiming that Toader was arrested for anything other than his alleged participation in the scheme for which every other defendant in this case and the companion case were charged.

The government has already capitalized on their willful neglect of this case. They obtained an extension of time to indict by misleading the Acting Chief Judge as to the excludeable time that had already elapsed under the STA, and the amount of evidence they had gathered pertaining to Toader. The fact that the government had not, in their own words, "pursued aggressively" the investigation of Toader did not support their motion. Rather, they condemned it. Moreover, the government employed the delay they wrongly occasioned to gain a tactical advantage in this case by indicting Toader on charges other than the one alleged in the complaint. "The definition of gilding has room in it for more than just cases that simply reword the original charges, but also those that demonstrate bad faith efforts to avoid the Speedy Trial Act." Peppin @ 269.

The fact that the government has filed a superceding indictment lends no support to the governments opposition to this motion. The charge, as to Toader, in the new indictment is exactly the same as the original indictment. It does not cure the STA violation, but rather, makes it all the

more apparent that the government, once again, seeks to take advantage of its own misconduct.

In conclusion, for all the reasons stated in Toader's Pro Se Motion to Dismiss, his Reply and his Supplemental Reply, this Honorable Court should grant Toader's Motion to Dismiss the Indictment with Prejudice for a Violation the Speedy Trial Act.

                                                Respectfully submitted,

                                                _S/ Susan Shatz_____
                                                Attorneys for Defendant
                                                Gabriel Toader

SUSAN SHATZ
407 South Dearborn Street, Suite 1675
Chicago, Illinois 60605
312-697-0022

## CERTIFICATE OF SERVICE

I, Susan Shatz, attorney, certify that I caused a copy of the above **DEFENDANT GABRIEL TOADER'S SUPPLEMENTAL REPLY TO THE GOVERNMENT SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT** to be served by electronic filing on September 3, 2008 on:

AUSA Brian Hayes
U.S. Attorney's Office
219 S. Dearborn St., 5th Floor
Chicago, IL 60604

Executed on September 3, 2008

 S/ Susan Shatz